IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  §<br>    Plaintiff,   §<br>       §<br>v.      §      No. 3:25-CR-189-E<br>       §<br>ROBERT WILSON KING.  §<br>    a/k/a Rob Gutierrez,  §<br>    Defendant,   § | |

### REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Defendant Robert Wilson King, by and through his counsel, Assistant Federal Public Defender Shery Kime-Goodwin, submits the following reply to support his Motion to Dismiss the Indictment:

**I.  Mr. King reasserts his First Amendment arguments.**

Mr. King reasserts that each count should be dismissed because the statements at issue do not constitute "true threats," but rather political hyperbole; conditional or hypothetical speech; and advocacy protected by the First Amendment. Mr. King further asserts that these questions are properly considered at this stage as a matter of law under Rule 12.

**II.  By failing to respond to Mr. King's argument that Counts Three, Four, and Five fail to state an offense under 18 U.S.C. § 875(c), the government implicitly concedes that these counts should be dismissed.**

Mr. King asserts that, because the government did not respond to the argument put forth in Part II(A)(3)(B) of his motion—that the facts alleged in Counts Three,

Four, and Five are not criminalized by 18 U.S.C. § 875(c)—the Court should conclude that the government has implicitly conceded the matter and dismiss these counts for failure to state a claim.

In Part II(A)(3)(B) of Defendant's Motion, he argues that the facts alleged in Counts Three, Four, and Five are not criminalized by 18 U.S.C. § 875(c). Although in its response the government certainly addressed other arguments from Mr. King's Motion seeking dismissal of these counts on First Amendment grounds. *see* Gov't's Br. at 6-14, at no point in its response does the government even acknowledge Mr. King's argument that the actions alleged in these three counts do not constitute an offense under the statutory language of 18 U.S.C. § 875(c).

Furthermore, the government cannot rely on its broad assertion that the indictment is facially valid because it tracks the elemental language of § 875(c), as it completely fails to address Mr. King's argument that the facts alleged by the indictment are not criminalized by § 875(c) but, rather by 18 U.S.C. § 373(a). As the Third Circuit explains, these are two distinct types of arguments regarding an indictment's failure to state an offense:

> Under Rule 12(b)(3)(B), a defendant may contest the sufficiency of an indictment on the basis that it "fails ... to state an offense" in at least two ways. First, a defendant may contend that an indictment is insufficient on the basis that it does not satisfy the first requirement in that it "fails to charge an essential element of the crime." *United States v. Huet,* 665 F.3d 588, 595 (4d Cir. 2012). Second, because an indictment that merely "recites in general terms the essential elements of the offense" does not satisfy the second and third requirements, a defendant may also claim that an indictment fails to state an offense on the basis that "the specific facts

> alleged ... fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella,* 277 F.3d 678, 685 (3d Cir.2002).

*United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (cleaned up). While the government addresses the first type of sufficiency argument, it has completely ignored the argument that Mr. King raised in Part II(A)(3)(B) of his motion the indictment.

In sum, Mr. King plainly set forth an argument that the facts alleged by the indictment were not criminalized by the statutory language of § 875(c). Because the government failed even to attempt to counter that argument, this Court should deem the government to have implicitly conceded this issue. *See Feldman v. L. Enf't Assocs. Corp.*, 955 F. Supp. 2d 528, 536 (E.D.N.C. 2013) (holding that a party's failure to respond to an opponent's argument implicitly conceded the issue), aff'd, 752 F.3d 339 (4th Cir. 2014); *similarly, see also, e.g.*, *Bayer Schering Pharma AG v. Watson Pharms., Inc.,* Nos. 2:07–CV–01472–KJD–GWF, 2:08–CV–00995–KJD–GWF, 2012 WL 1079574, at *7 (D.Nev. Mar. 30, 2012); *Ferdinand–Davenport v. Children's Guild,* 742 F.Supp.2d 772, 777 (D.Md.2010) *Klugel v. Small,* 519 F.Supp.2d 66, 72 (D.D.C.2007); *S. Nev. Shell Dealers Ass'n v. Shell Oil Co.,* 725 F.Supp. 1104, 1109 (D.Nev.1989) ("The plaintiffs, in failing to respond to ARCO's argument in their opposition paper, have implicitly conceded[.]). As a result, this Court should dismiss Counts Three, Four, and Five for the failure to state a claim under 18 U.S.C. §875(c), pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

Respectfully submitted this 5th day of January 2026.

>*/s/ Shery Kime-Goodwin*
>Shery Kime-Goodwin
>Texas Bar No. 00792624
>Assistant Federal Public Defender
>525 S. Griffin St., Ste. 629
>Dallas, TX 75202
>214-767-2746/214-767-2886 (fax)
>shery_kime-goodwin @fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I caused a copy of this Reply to be delivered to United States District Judge Ada Brown and Assistant United States Attorney Douglas Brasher.

>*/s/ Shery Kime-Goodwin*
>Shery Kime-Goodwin
>Assistant Federal Public Defender